THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **AUSTIN ROSS MCDANIEL,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**TOWN OF MASON, TENNESSEE,** a.k.a. "The Board of Mayor and Alderman of Mason", a Tennessee Body Politic; and **TERRY YARBROUGH,**<br><br>    **Defendants.** | **No: 2:20-CV-2376**<br><br>*Jury Demanded* |

**COMPLAINT**

COMES NOW Austin Ross McDaniel, Plaintiff, by and through his attorneys Huffman Mason Raynor, PLLC, and for his Complaint states:

**Parties**

1. Plaintiff Austin McDaniel is and was at all times relevant to this Complaint a resident of Tipton County, Tennessee.

2. Defendant Town of Mason, Tennessee, a.k.a. "The Board of Mayor and Alderman of Mason" (hereinafter Town of Mason) is and was at all times relevant to this Complaint a body politic organized under the laws of the State of Tennessee, located in Tipton County, Tennessee.

3. Defendant Terry Yarbrough is and was at all times relevant to this Complaint a resident of Shelby County, Tennessee.

**Jurisdiction and Venue**

4. This is an action brought for damages to redress the violation of rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq*, the Americans with Disabilities Act of 1990 (ADA), the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), and Title VII of the Civil Rights Act of 1964.

5. This Court has personal jurisdiction over the parties.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

8. Plaintiff McDaniel timely filed a Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC") for discrimination claims under their purview and is attached hereto as Exhibit "A,". Such claim has now been completed. Plaintiff received his Dismissal and Notice of Rights on February 26, 2020 and is attached hereto as Exhibit "B," and timely files this action within 90 days of receiving such letter.

**General Allegations of Fact**

9. Plaintiff is a male, who is disabled with regard to major life activities including major bodily functions as defined under 42 U.S.C. 12102(2)(A) and (B).

10. Plaintiff was employed by Defendant Town of Mason as a police officer within its jurisdiction beginning January 18, 2017.

11. Plaintiff is an FMLA "eligible employee" under 26 U.S.C. § 2611(2).

12. Defendant Town of Mason is located within the Western District of Tennessee and is an employer within the provisions of the FMLA, specifically under 29 U.S.C. § 2611(4)(A)(iii).

13. At all times relevant to this action, Defendant Town of Mason has been engaged in commerce as defined by 29 U.S.C. § 2611(1) of the FMLA.

14. At all times relevant to this action, Defendant Yarbrough was the Chief of Police and direct supervisor of employees and agents of the police department of Defendant Town of Mason and had exercised control over Plaintiff's employment and participated in the decision to terminate. Defendant Yarbrough was an employer under the FMLA pursuant to 29 U.S.C. §2611(4)(A)(ii).

15. Defendants are bound by the rules and regulations of the Family and Medical Leave Act

16. Officer McDaniel first became ill in approximately March 2018. Specifically, he developed a heart condition requiring hospitalization and extended recovery periods.

17. On or about March 15, 2018, Defendant Yarbrough instituted a light duty policy. Additionally, Defendant Yarbrough sent out a Sick Leave Policy dated March 27, 2018, along with an email targeting officers that abuse their sick leave. Plaintiff McDaniel was requesting sick leave at the time due to being diagnosed with pneumonia.

18. On April 14, 2018, Chief Yarbrough was informed that Plaintiff McDaniel was being seen at Baptist Memorial Hospital, Tipton. Officer McDaniel was admitted to Methodist North Hospital in Memphis, Tennessee with cardiac heart failure on April 16, 2018. Plaintiff received from his doctor a clearance to return to work on April 17, 2018. Plaintiff subsequently submitted a letter stating he could not return to work until July 23, 2018. On July 11, 2018, Plaintiff submitted a letter from Sutherland Cardiology Clinic, advising that he cannot return to work at this time due to congestive heart failure and cardiomyopathy.

19. Plaintiff had exhausted all his available leave time. Defendants allowed Plaintiff to remain on a leave of absence and that he could continue to maintain his health insurance coverage by paying the monthly premiums.

20. On or about August 25, 2018, Plaintiff received a certified letter from Defendants stating that once Plaintiff was released by a medical physician, he would be required to perform a "physical agility test" before he would be allowed to return to work. The letter also stated that if he was not able to perform the essential function of his position, his employment would expire.

21. On or about August 31, 2018, Plaintiff's wife, Ms. Lauren Raynor-McDaniel, acting in her capacity as Plaintiff's attorney, met with Defendant Yarbrough and the HR Director whereby they stated that a light duty position was not available. After this meeting, a black female was placed on light duty due to an injury to her foot.

22. Plaintiff later submitted a letter from Sutherland Clinic dated September 18, 20 18, stating that he could return to work on October 10, 2018, but that he could only perform light duty and could not work the night shift. The letter stated that those restrictions must remain in effect indefinitely.

23. On October 9, 2018, Plaintiff requested an accommodation under the ADA. On October 19, 2018, Defendants sent Plaintiff a "Reasonable Accommodation Questionnaire" for his physician to complete. On November 19, 2018, the HR Director followed up regarding the questionnaire.

24. Plaintiff was not able to see his physician again until December 17, 2018. Plaintiff was released to return to work without restrictions.

25. Officers returning from light duty are required to shoot at an approved Firearms Range to demonstrate proficiency with firearms and to complete all missed state mandated training before returning to full duty.  On December 27, 2018, Officer McDaniel sent an email to the HR Director requesting to set up his required shooting to fulfill not only his P.O.S.T requirements, but also to comply with the above stated policy.  Neither the HR Director nor Officer McDaniel's chain of command ever contacted him concerning the required shooting qualification.  Officer McDaniel set up the required shooting qualification himself in Ripley Tennessee and completed the required shoot on December 28, 2018.

26. Defendants failed to comply with their written policies on employees returning from FMLA leave.

27. On December 30, 2018, Defendant Yarbrough called Officer McDaniel to give him verbal notice that a certified Separation letter was being mailed to his address. Officer McDaniel received the certified Separation letter on January 2, 2019, signed by the HR Director stating that Officer McDaniel had abandoned his employment.

28. Defendant Town of Mason and Defendant Yarbrough were responsible for the decision to terminate Plaintiff McDaniel.

29. At no time had Plaintiff abandoned his employment.  Indeed, Plaintiff went out of his way to comply with the employment policies and procedures, including procuring required training.

30. Other similarly situated employees, including female and minority employees had similar health issues and were accommodated with light-duty positions and were not terminated.

**Causes of Action**

**Count I – Violation of the Family and Medical Leave Act (Interference)**

31. Plaintiff re-alleges the foregoing Paragraphs 1-30 as if fully set out herein.

32. The FMLA prohibits any employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the [FMLA]." 29 U.S.C. § 2615 (a)(1)(West 2018).

33. Defendants violated 29 U.S.C. § 2615(a)(1) by interfering with, restraining and/or denying Plaintiff McDaniel the exercise of or the attempt to exercise his rights under the FMLA, including, but not limited to, using Plaintiff's leave and exercise of FMLA rights as a "negative factor" in his employment and/or discipline status.

34. Defendants subjected Plaintiff McDaniel to an adverse employment action, to wit: terminating him.

35. Defendants' adverse employment action would not have occurred but for Plaintiff McDaniel's participation FMLA leave.

36. As a direct and proximate cause of Defendants' acts or omissions, Plaintiff has suffered severe mental anguish, lost wages, lost fringe benefits, lost earning capacity, and have incurred expenses which would not otherwise have been incurred, and incurred other such special damages in an amount to be proven at trial.

37. Defendants' actions have been so egregious as to warrant the imposition of punitive damages.

**Count II – Violation of the Family and Medical Leave Act (Retaliation)**

38. Plaintiff re-alleges the foregoing Paragraphs 1-37 as if fully set out herein.

39. The FMLA provides "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made

unlawful by [the FMLA]." 29 U.S.C. § 2615(a)(2) (West 2018)

40. Defendants violated the provisions of Section 2615(a)(2) of the FMLA by discharging and/or unlawfully discriminating against the Plaintiff for exercising her rights under the FMLA (e.g. by taking FMLA qualifying leave, additional requirements before return to full duty, etc.).

41. As a direct and proximate cause of Defendants' acts or omissions, Plaintiff has suffered severe mental anguish, lost wages, lost fringe benefits, lost earning capacity, and have incurred expenses which would not otherwise have been incurred, and incurred other such special damages in an amount to be proven at trial.

42. Defendants' actions have been so egregious as to warrant the imposition of punitive damages.

## Count III – Violation of the ADA and ADAAA

43. Plaintiff re-alleges the foregoing Paragraphs 1-42 as if fully set out herein.

44. By virtue of the facts alleged herein, Plaintiff has a disability, as that term is defined by the ADA and ADAAA.

45. By virtue of the facts alleged herein, Defendants have discriminated against Plaintiff on the basis of his disability, in violation of the ADA and the ADAAA, and violated the ADA and ADAAA by failing to accommodate the Plaintiff's disability.

46. Defendants terminated Plaintiff under circumstances similarly situated persons without disabilities were not terminated.

47. As a direct and proximate cause of Defendants' acts or omissions as alleged herein, Plaintiff has and is suffering severe mental anguish, lost reputation, incurred property loss, and has incurred expenses which would not otherwise have been incurred,

and incurred other such special damages in an amount to be proven at trial.

48. Due to such discrimination, Defendants are liable to Plaintiff in an amount in excess of that required to confer federal diversity jurisdiction.

49. Defendants' actions have been so egregious so as to warrant the imposition of punitive damages.

50. Indeed Defendants' actions have been willful, wanton, and an intentional attempt to deprive Plaintiff of his constitutionally guaranteed rights.

### Count IV – Violation of Title VII of the Civil Rights Act of 1964

51. Plaintiff re-alleges the foregoing Paragraphs 1-45 as if fully set out herein.

52. This is an action for a violation of Mr. McDaniel's civil rights pursuant to Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e, *et seq*.

53. Defendants discriminated against Plaintiff on the basis of his race in violation of Title VII.

54. Defendants terminated Plaintiff under circumstances similarly situated minorities were not terminated.

55. As a direct and proximate cause of Defendants' acts or omissions as alleged herein, Plaintiff has and is suffering severe mental anguish, lost reputation, incurred property loss, and has incurred expenses which would not otherwise have been incurred, and incurred other such special damages in an amount to be proven at trial.

56. Due to such discrimination, Defendants are liable to Plaintiff in an amount in excess of that required to confer federal diversity jurisdiction.

57. Defendants' actions have been so egregious so as to warrant the imposition of punitive damages.

58. Indeed Defendants' actions have been willful, wanton, and an intentional attempt to deprive Plaintiff of her constitutionally guaranteed rights.

## Jury Demand

59. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff seeks a Jury Trial in this case and prays:

1st     That process issue requiring the Defendants to appear and answer this Complaint in then manner and within the time required by law.

2nd     That the Plaintiff be awarded appropriate compensatory damages.

3rd     That the Plaintiff be awarded appropriate punitive damages.

4th     That the Plaintiff be awarded their reasonable attorneys' fees and costs as allowed by law.

5th     That Plaintiff be awarded such appropriate equitable relief allowed by law.

6th     That the Plaintiff be awarded such other further and general relief to which the Plaintiff may be entitled.

Respectfully submitted,
AUSTIN ROSS MCDANIEL

By: *s/Bryan R. Huffman*
Bryan R. Huffman, B.P.R. 030050
HUFFMAN MASON RAYNOR, PLLC
P.O. Box 944
131 W. Liberty Ave.
Covington, TN 38019
(901) 726-3854
(901) 726-3539 (Facsimile)
bryan@huffmanfirm.com